```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

FAVIANA VILLAFUERTE,

                    Plaintiff,

vs.                                  Case No.   2:05-cv-500-FtM-99SPC

OATEY SUPPLY CHAIN SERVICES, INC.;
UNITED RENTALS, INC. ,

                    Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Remand (Doc. #68), filed on May 16, 2006.  Defendant/Third Party Plaintiff United Rentals, Inc. (United Rentals) and defendant Oatey Supply Chain Services, Inc. (Oatey Supply) filed Responses in opposition.  (Docs. #74, 77.)  Also before the Court is Defendant Oatey Supply Chain Services, Inc.'s Motion to Strike Plaintiff's Unauthorized Response to Defendants' Memoranda in Opposition to Motion for Remand.  (Doc. #82.)

On May 6, 2005, Carmen Villafuerte (Mr. Villafuerte) died from injuries sustained from a work accident involving an allegedly defective pipe plug/bladder.  (Doc. #2.) In the original Complaint filed in state court, his wife, plaintiff Faviana Villafuerte (plaintiff or Mrs. Villafuerte), as personal representative of the estate of Carmen Villafuerte, alleged that defendants Oatey Supply, a foreign corporation, and United Rentals, a foreign corporation, were the manufacturer and the distributor, respectively of the pipe

plug/bladder products.  The Complaint sets forth five counts alleging the following state law-based causes of action: (1) strict products liability against Oatey and United Rentals (Counts I and III); (2) negligence against Oatey and United Rentals (Counts II and IV); and (3) warranty of merchantability against United Rentals (Count V).  United Rentals timely removed the matter to federal court, and asserted subject matter jurisdiction was based on diversity.[1]

On April 26, 2006, plaintiff filed a Motion to Amend Complaint (Doc. #56) to add Hughey & Associates Construction, Inc. (Hughey & Associates), a Florida corporation, as a first party defendant.  At the time plaintiff filed her motion, Hughey & Associates had already been added as a third party defendant to United Rentals, Inc.'s Third Party Complaint.  The Motion to Amend Complaint certified that plaintiff's counsel had conferred with all counsel, and that only counsel for United Rentals objected to the amendment.  On May 5, 2006, the Court entered an Order (Doc. #58) granting the Motion to Amend Complaint, and an Amended Complaint (Doc. #59) was filed.

Plaintiff has now filed the instant motion seeking remand of the action to state court based on the lack of subject matter jurisdiction.  Plaintiff contends that diversity does not exist

---

[1]At that time, Oatey Supplies had not been served with the summons and a copy of the Complaint.  However, United Rentals represented in the Petition for Removal that Oatey Supplies supported the Petition. (Doc. #1-1, p. 2, ¶ 11.)

-2-

because Hughey & Associates is a Florida corporation.  Oatey Supplies and United Rentals respond that the motion to remand should be denied because the joinder of Hughey & Associates is fraudulent, and that in any event Hughey & Associates should be dismissed as a first party defendant, and the Court should retain jurisdiction.

The decision as to whether to allow a complaint to be amended to add a non-diverse party after a case has been removed from state court is governed by 28 U.S.C. § 1447(e), which provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Ingram v. CSX Transp., Inc., 146 F.3d 858, 862 (11th Cir. 1998).  These are the Court's only two choices: deny the motion to add the non-diverse party, or grant the motion and remand the action to state court.  Id.

Since Oatey Supply did not object to the motion to amend, it has waived any argument that the case should not be remanded. United Rentals did object, and that Court will reconsider its prior Order granting leave to file an amended complaint in light of this objection.

United Rentals argues that Hughey & Associates is fraudulently joined to the action in order to defeat diversity jurisdiction. Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity for removal.

-3-

Triggs v. John Crumpa Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). An action may be removed despite the presence of a non-diverse party if the joinder of the non-diverse party was fraudulent. Id. The determination of fraudulent joinder is made on the basis of plaintiff's pleadings at the time of removal. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). Fraudulent joinder is at least a factor to consider in deciding whether a motion to amend should be granted. Mayes v. Rapoport, 196 F.3d 457, 462-63 (4th Cir. 1999). The parties disagree as to the potential liability of Hughey & Associates, and after reviewing the papers filed by the parties the Court cannot find that its addition as a first party defendant is fraudulent, regardless of which side turns out to be correct. E.g., Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1278 (11th Cir. 2003)("if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper . . ."). Considering all the factors, including that Hughey & Associates is already a party to this litigation as a third party defendant, the Court concludes that granting leave to file an Amended Complaint is appropriate.

Having allowed an amended complaint to be filed, the Court must remand the action. This is not a case where jurisdiction was not raised until after judgment, and a Court of Appeals could dismiss the non-diverse party to retroactively restore

jurisdiction.  Ingram, 146 F.3d at 862-63.  Since the Court has no jurisdiction, and the action has not proceeded to judgment, the only course of action is to remand the case to state court.

Accordingly, it is now

**ORDERED**:

1.  Plaintiff's Motion for Remand (Doc. #68) is **GRANTED.**

2.  Defendant, Oatey Supply Chain Services, Inc.'s Motion to Strike Plaintiff's Unauthorized Response to Defendants' Memoranda in Opposition to Motion for Remand (Doc. #82) is **GRANTED.**

3.  The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

4.  The Clerk is **directed** to close this case and terminate all previously scheduled deadlines and other pending motions as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this   15th   day of August, 2006.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
DCCD